J-S25040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARVASE J. SPELL, | |
| Appellant | No. 2012 WDA 2014 |

Appeal from the Order Entered November 12, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0008612-2014

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED APRIL 28, 2015**

Appellant, Marvase J. Spell, appeals *pro se* from the order granting the Commonwealth's motion for *nolle prosequi*.  He raises issues that are substantive arguments against the sole charge brought against him.  Therefore, we quash.

On August 11, 2014, Appellant was charged with one count of unsworn falsification to authorities[1] in connection with his application for a license to carry a firearm.  Appellant filed several motions to dismiss, which the court declined to address prior to trial.  On November 12, 2014, at the time of the non-jury trial, the Commonwealth presented a motion for *nolle prosequi*.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4904(a)(1).

The court granted the motion and the charge was dismissed. Appellant timely filed a direct appeal.

It is well-settled that:

> A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. Stated differently, [a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*Commonwealth v. Nava*, 966 A.2d 630, 632-33 (Pa. Super. 2009) (citations omitted).

Here, the Commonwealth *nolle prossed* the sole charge against Appellant.[2] Accordingly, this matter is moot. *See Nava*, *supra* at 632-33.

Appeal quashed.

_____

[2] (*See* Order, 11/12/14, at 1). The trial court explained that "the relief [Appellant] sought . . . the dismissal of the charges, was provided on November 12, 2014. . . . [T]he dismissal was absolute [and] . . . [he] no longer faced criminal charges at any level arising out of the incident [that] led to the original charges. . . . There were no conditions placed upon [him]. . . ." (Trial Court Opinion, 1/15/15, at 2-3, 5).

Furthermore, the Commonwealth acknowledged that "[t]here is certainly no suggestion in the record that the Commonwealth has any intention of refilling [sic] these charges, having plainly stated that it does not wish to proceed to trial." (Commonwealth's Brief, at 17) (record citation and internal quotation marks omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015